# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o <br> TIP TOP CONSTRUCTION CORP., <br><br> Plaintiff, <br> v. <br><br> CMGC BUILDING CORP. and ENDURANCE <br> AMERICAN INSURANCE COMPANY, <br><br> Defendants. | Civil Action No. 2017-0026 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Emily A. Shoup, Esq.,**
St. Thomas, U.S.V.I.
**Richard C. Gagliuso, Esq.,**
Manchester, NH
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion[s] to Dismiss and Alternative Motion[s] to Stay Pending Mediation" (collectively, "Motions") filed by Defendants CMGC Building Corp. ("CMGC") and Endurance American Insurance Company ("Endurance") (collectively, "Defendants") (Dkt. Nos. 16, 17),[1] and Plaintiff United States of America f/u/b/o Tip Top Construction Corp.'s ("Tip Top") Opposition to Defendants' Motions ("Opposition") (Dkt. No. 28). For the reasons that follow, the Court will deny Defendants' Motions to Dismiss and will deny without prejudice Defendants' Alternative Motions to Stay Pending Mediation.

---
[1] Although filed separately, Defendants' Motions raise identical arguments.

# I. BACKGROUND

In this federal construction contract case, Tip Top brings statutory and breach of contract claims against Defendants arising out of Defendants' alleged failure to provide payment to Tip Top for subcontracting work it performed on a construction project at the Salt River Bay National Historic Park and Ecological Preserve ("Salt River Bay") on St. Croix. As alleged in Tip Top's Complaint, CMGC entered into a construction contract with the United States of America for the construction of a building at Salt River Bay intended for use by the National Park Service as a "Coastal Studies Outpost." (Dkt. No. 1 at ¶¶ 7-8). CMGC and Endurance executed and delivered a payment bond to the United States for the protection of all persons supplying labor and material in carrying out work under CMGC's contract. *Id.* at ¶ 10. CMGC and Tip Top later entered into a subcontract ("the Subcontract") under which Tip Top would provide various construction services for the project at Salt River Bay. *Id.* at ¶¶ 12-15. Tip Top alleges that it performed its obligations under the Subcontract, but that CMGC breached the Subcontract by refusing to pay Tip Top in full for services provided. *Id.* at ¶¶ 37-38. Tip Top filed a complaint seeking relief against CMGC and Endurance as CMGC's surety, and the instant Motions followed.

# II. DISCUSSION

In their Motions to Dismiss, Defendants contend that Tip Top's claims should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because Tip Top made no attempt to mediate its dispute with CMGC prior to filing suit as required by the Subcontract. (Dkt. No. 17 at 2-4). Alternatively, Defendants request that the Court stay this matter pending mediation by the parties. *Id.* at 7-9. Tip Top argues that Defendants' Motions to Dismiss should be denied because they rely on a matter not contained in the pleadings or the exhibits that are properly before the Court at the Rule 12(b)(6) stage—namely, Defendants' allegation that Tip Top made no attempt to mediate its dispute with CMGC before bringing suit. (Dkt. No. 28 at 1-2). Tip

Top also maintains that it did in fact request to mediate its dispute before filing its Complaint. *Id.* at 2. Tip Top does not oppose Defendants' Alternative Motions to Stay Pending Mediation. *Id.* at 5.

### A. Applicable Legal Principles

In ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts accept a plaintiff's "factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At the Rule 12(b)(6) stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, courts may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [Federal] Rule [of Civil Procedure] 56." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting FED. R. CIV. P. 12(d)). Where a court converts a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* (quoting FED. R. CIV. P. 12(d)).

### B. Analysis

In support of their contention that Tip Top's Complaint fails to state a claim upon which relief may be granted, Defendants attach a copy of the Subcontract to their Motions to Dismiss, and point

3

the Court to Article 13 of the Subcontract addressing "Claims and Disputes" ("Disputes Provision"). The relevant portion of the Disputes Provision provides:

> If a dispute arises regarding any claim . . . or regarding any other matter arising out of or relating to this Master Subcontract, or the breach thereof, which cannot be settled through direct negotiations between the parties, the parties agree to endeavor to settle the dispute by mediation . . . before proceeding to arbitration or litigation.

(Dkt. No. 17-1 at 10). Defendants argue that the Disputes Provision establishes that Tip Top was required to attempt to mediate its dispute with CMGC as a condition precedent to bringing suit. In light of their assertion that Tip Top failed to mediate the instant dispute or take any steps to seek or request mediation prior to commencing litigation, Defendants contend that the Court should dismiss Tip Top's Complaint for failure to state a claim on the basis of its failure to satisfy this condition precedent. (Dkt. No. 17 at 4).

In response, Tip Top appears to concede that the Subcontract's Disputes Provision applies to the claims advanced in its Complaint, such that it was required to attempt to mediate its dispute prior to bringing suit.[2] However, Tip Top contests Defendants' assertion that it failed to request mediation of the dispute giving rise to its Complaint, and argues that it would be inappropriate to grant Defendants' Motions to Dismiss on the basis of Defendants' contested allegation. In other words, Tip Top argues that the assertion underlying Defendants' Motions—that Tip Top failed to request mediation prior to bringing suit—represents a factual matter outside of the pleadings about which a determination cannot properly be made under the Rule 12(b)(6) standard. Tip Top thus contends that the Court should either (1) exclude Defendants' assertion that Tip Top failed to request mediation from consideration in ruling on the Motions to Dismiss, or (2) convert Defendants' Motions to

---

[2] Tip Top also recognizes that the Court may properly consider the Subcontract at the motion to dismiss stage because Tip Top's claims are based on the Subcontract. (Dkt. No. 28 at 3).

4

Dismiss into motions for summary judgment under Rule 56 and provide Tip Top with an opportunity to respond to Defendants' allegation that it failed to request mediation. (Dkt. No. 28 at 1-2).

The Court agrees that Tip Top's position must prevail. Defendants do not contend in their Motions to Dismiss that the allegations in Tip Top's Complaint, accepted as true, fail to state a plausible claim for relief. Instead, Defendants ask the Court to accept as true their assertion—contested by Tip Top—that Tip Top failed to satisfy the condition precedent of requesting mediation before bringing suit, and to dismiss Tip Top's Complaint on that basis. This approach runs contrary to the Rule 12(b)(6) legal standard. Accordingly, the Court must exclude Defendants' assertion that Tip Top made no attempt to mediate its dispute from consideration in resolving the Motions to Dismiss. Because Defendants' Motions to Dismiss are premised on this assertion, the Court will deny the Motions.

Even if the Court were to convert Defendants' Motions to Dismiss into motions for summary judgment—which the Court declines to do—it is apparent from the current record that the Motions would fail even in the absence of an additional response from Tip Top. Tip Top has come forward with evidence in the form of a June 16, 2016 letter from Tip Top representative Joe Hollins to CMGC attached as Exhibit A to Tip Top's Opposition indicating that Tip Top made a request for mediation prior to filing its Complaint. (Dkt. No. 28-1).[3] At a minimum then, a genuine dispute exists as to whether Tip Top requested mediation prior to filing its Complaint, and a grant of summary judgment

---

[3] The letter states, in pertinent part:

> This letter is being written to request a mediation session pursuant to section 13 of our executed subcontract agreement by means of a private mediation even though section 13, G of the subcontract states that all claims in excess of fifty thousand dollars must be decided by a competent court. Please provide us with your choice of a qualified mediator which meets the requirements set forth in the subcontract so that we can review and approve their capabilities and experience in order to schedule a private mediation at your earliest convenience or within 60 days of the date of this notice as prescribed by the subcontract.

to Defendants on the ground that Tip Top failed to request mediation would be improper. *See* FED R. CIV. P. 56(a) ("The court shall grant summary judgment *if the movant shows that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law.") (emphasis added). As such, converting Defendants' Motions to Dismiss into motions for summary judgment would have no effect on the outcome here.

With regard to Defendants' Alternative Motions to Stay Pending Mediation, the Court notes that the parties engaged in a Court-imposed mediation conference on February 27, 2018. (Dkt. No. 25). Although Tip Top does not oppose Defendants' request to stay proceedings in this case "until the mediation that began on February 27[, 2018] has been completed[,]" the parties represented during a June 25, 2018 status conference before Magistrate Judge George W. Cannon, Jr., that efforts to resolve this matter through mediation were unsuccessful.[4] While it therefore appears that efforts to mediate this case have run their course, the Court, by its ruling here, renders no opinion on whether the Court-imposed mediation satisfies the requirements of the Subcontract. Accordingly, the Court will deny Defendants' Alternative Motions to Stay Pending Mediation without prejudice.

### III. CONCLUSION

For the reasons discussed above, the Court will deny Defendants' Motions to Dismiss and Alternative Motions to Stay Pending Mediation. An appropriate Order accompanies this Memorandum Opinion.

Date: August 7, 2019

                                                                                                                                  /s/
                                                                                          WILMA A. LEWIS
                                                                                          Chief Judge

---

[4] As represented in the Mediation Report filed by Mediator Henry C. Smock, Esq., the parties agreed during the February 27, 2018 mediation conference to return for a second mediation conference "within the next three weeks." (Dkt. No. 25 at 1). It is unclear from the docket whether the parties in fact returned for a second mediation conference.