IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNNITED STATES OF AMERICA f/u/b/o )<br>TIP TOP CONSTRUCTION CORP.,     )<br>                                 )<br>      Plaintiff,                )<br>                                 )<br>      v.                         )<br>CMGC BUILDING CORP. and ENDURANCE )<br>AMERICAN INSURANCE COMPANY,      )<br>                                 )<br>      Defendants.                ) | Case No. 1:17-cv-0026 |

### ORDER

**BEFORE THE COURT** are Plaintiff Tip Top Construction Corp.'s ("TTCC") objections to the Magistrate Judge's December 12, 2022 Report and Recommendation ("R&R"). (ECF No. 148.) Defendants CMGC Building Corp. ("CMGC") and Endurance American Insurance Company ("Endurance") opposed the objections. (ECF No. 150.) The Magistrate Judge recommended that Defendants' Motion to Dismiss Counts II, III, and IV of the Complaint, ECF No. 122, be granted. The Magistrate Judge also recommended that Defendants' Motion for Partial Summary Judgment, ECF No. 125, be granted on the breach of contract delay damages claim under Count I and the quantum meruit/unjust enrichment claim under Count V.

For the reasons stated below, the Court will adopt, in part, the December 12, 2022 R&R and grant the motion to dismiss Counts II, II, and IV. However, the Court will grant, in part, and deny, in part, the motion for partial summary judgment.

### I. BACKGROUND

The Court hereby incorporates the recitation of the factual background in the Magistrate Judge's R&R as if fully stated herein.

### II. LEGAL STANDARD

The legal standard in reviewing an objection to a magistrate judge's findings and recommendations is well settled. When a party files timely objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636 (b)(1). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the

Case: 1:17-cv-00026-RAM-EAH Document #: 151 Filed: 09/14/23 Page 2 of 5

*Tip Top Constr. Corp. v. CMGC Bldg. Corp.*
Case No. 1:17-cv-0026
Order
Page **2** of **5**

report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate judge's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) aff'd, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

With regards to a motion for summary judgment, that motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining a summary judgment motion, a court must "view all facts in the light most favorable to the non-moving party and draw all inferences in that party's favor." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

### III. DISCUSSION

TTCC does not object to the Magistrate Judge's recommendations that Defendants' Motion to Dismiss Counts II, III, and IV of the Complaint be granted and that the Court does not reach the issue of whether Endurance is entitled to summary judgment. Upon review of the R&R, Court finds no clear error respecting the Magistrate Judge's findings in connection with these recommendations.

TTCC objects to the Report and Recommendation arguing that the Magistrate Judge: (1) erroneously shifted the burden on the non-movant to state the law; and (2) resolved questions of fact in favor of the movants. The Court will conduct a *de novo* review of those portions of the Report and Recommendation to which TTCC objects.

Case: 1:17-cv-00026-RAM-EAH Document #: 151 Filed: 09/14/23 Page 3 of 5

*Tip Top Constr. Corp. v. CMGC Bldg. Corp.*
Case No. 1:17-cv-0026
Order
Page **3** of **5**

### A. Breach of Contract – Delay Damages

CMGC argued in its motion that the unambiguous language of Section 10.B. bars TTCC from recovering damages associated with delay when CMGC has not recovered such damages from NPS, citing *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 625 (2017), and that the quantum meruit/unjust enrichment claim fails because the claim and damages arise from the Subcontract. TTCC argued that CMGC failed to apply New Hampshire law governing "no-damages-for-delay" ("NDFD") clause and, even assuming that Section 10.B. is enforceable under New Hampshire law, CMGC would still have to brief the issue of whether such a clause is contrary to a fundamental policy of the Virgin Islands. Moreover, TTCC argues that disputed material facts exist related to CMGC's active interreference in causing TTCC to incur delays and refusing to submit the delay cost claim properly in order to cover up for its failure to instruct TTCC to demobilize.

CMGC failed to cite any New Hampshire law in support of its motion. In its opposition to the motion, TTCC did not argue that Section 10.B. is ambiguous or challenge the general proposition of law on which CMGC relied when it cited Virgin Islands law, namely, "[t]he cardinal principle of contract interpretation is that the intention of the parties must prevail unless it is inconsistent with some established rule of law," citing *Phillip*, 66 V.I. at 625, which is consistent with New Hampshire law. *See Bellak v. Franconia Coll.*, 118 N.H. 313, 316 (1978) ("The fundamental rule of interpretation of a contract is that the contract should receive that interpretation which will best effectuate the intention of the parties when it was made."). TTCC asserted that there are no New Hampshire cases "analyzing enforceability of NDFD clauses" but argued that the burden was on CMGC to set forth an argument on how it believes a New Hampshire court would interpret Section 10.B., given that a New Hampshire court will not enforce an exculpatory contract that contravenes public policy.

Under New Hampshire law, however, courts "will not enforce a contract or contract term that contravenes public policy." *Harper v. Healthsource New Hampshire, Inc.*, 140 N.H. 770, 775 (1996). Additionally, under New Hampshire law, "[a] defendant seeking to avoid liability must show that the exculpatory agreement does not contravene public policy; *i.e.,* that no special relationship existed between the parties and that there was no other disparity

Case: 1:17-cv-00026-RAM-EAH Document #: 151 Filed: 09/14/23 Page 4 of 5

*Tip Top Constr. Corp. v. CMGC Bldg. Corp.*
Case No. 1:17-cv-0026
Order
Page **4** of **5**

in bargaining power." *Barnes v. New Hampshire Karting Ass'n, Inc.*, 128 N.H. 102, 106 (1986) "[A] special relationship may exist when the plaintiff is both dependent on and legally compelled to use the defendant's services." *Ladue, LLC*, 173 N.H. at 634.

In its motion, CMGC sought to enforce Section 10.B to avoid liability for TTCC's suspension delay costs without demonstrating that Section 10.B does not contravene public policy under New Hampshire law. By failing to apply New Hampshire law regarding enforceability of Section 10.B., CMGC failed to meet its burden of showing it is entitled to summary judgment. As the moving party, the burden is on CMGC to show in its initial motion papers that Section 10.B. does not contravene public policy based on undisputed material facts, not on TTCC to show in its opposition that it contravenes public policy. Additionally, upon review of a *de novo* review of the record evidence and the parties' motion papers, including their respective Rule 56 statements of undisputed material facts, the Court finds that disputed material facts exist respecting delay damages, including various communications and CMGC's acts and omissions related to its decision to demobilize the Project effective October 29, 2015, without informing TTCC. Accordingly, summary judgment is not appropriate.

### B. Quantum Meruit/ Unjust Enrichment

CMGC argued in its motion that equitable remedies are not available because all the factual allegations and claims arise from the Subcontract. TTCC argued that it seeks recovery for modification of a boat ramp with cast-in-iron rather than reusing the existing concrete slabs on site, which was not covered by the Subcontract or memorialized in a formal order.

Generally, an equitable claim cannot "arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests." *Cacciamani & Rover Corp. v. Banco Popular De Puerto Rico*, 61 V.I. 247, 252 (2014). New Hampshire law applies this same legal principle. *See Axenics, Inc. v. Turner Constr. Co.*, 164 N.H. 659, 669 (N.H. 2013) (opining that a "court cannot allow recovery under a theory of unjust enrichment when there is a valid, express contract covering the subject matter at hand")(citations omitted). CMGC submitted testimony by its President, Francisco Swanson, stating that TTCC performed the work for the cast-in-place ramp, but NPS paid "the original contract amount

Case: 1:17-cv-00026-RAM-EAH Document #: 151 Filed: 09/14/23 Page 5 of 5

*Tip Top Constr. Corp. v. CMGC Bldg. Corp.*
Case No. 1:17-cv-0026
Order
Page **5** of **5**

for having a boat ramp that consisted of two slabs dropped in place rather than a cast-in-place boat ramp." (ECF No. 146-1 at 8-9.) It is undisputed that construction of the boat ramp is a subject matter within the scope of the Subcontract. The Court does not find that the material TTCC used to perform the work takes the subject matter outside of the scope of the Subcontract. Since the subject matter of TTCC's quantum/meruit unjust enrichment claim is within the scope of the Subcontract, the Court finds that the equitable claim is barred by the availability of legal remedies for a breach of the Subcontract.

## IV. CONCLUSION

For the reasons stated above, the Court will adopt, in part, and reject, in part, the Magistrate Judge's R&R dated December 12, 2022. Accordingly, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 148, is **ADOPTED,** in part, and **REJECTED,** in part; it is further

**ORDERED** that Defendants' motion to dismiss Counts II, III and IV of the Complaint, ECF No. 122, is **GRANTED** and those counts are **DISMISSED**; and it is further

**ORDERED** that CMGC's motion for partial summary judgment, ECF No. 125, is **DENIED** with respect to delay damages under Count 1 (Breach of Contract) and **GRANTED** in its entirety with respect to Count V (Quantum Meruit/Unjust Enrichment) of the Complaint.

**Dated:** September 14, 2023  /s/ *Robert A. Molloy*
　　　　　　　　　　　　　　　　　　　　　　　**ROBERT A. MOLLOY**
　　　　　　　　　　　　　　　　　　　　　　　**Chief Judge**